IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| ABN AMRO Mortgage Group, Inc., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SAJJ, LLC, doing business as U.S. )<br>Capital of South Carolina and U.S. )<br>Capital Funding, et al., )<br>)<br>Defendants. )<br>_____) | Civil Action No. 7:05-1720-RBH-WMC |
| ABN AMRO Mortgage Group, Inc., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Investors Title Insurance Company )<br>and Chicago Title Insurance Company, )<br>)<br>Defendants. )<br>_____) | **O R D E R**<br><br><br><br><br><br>Civil Action No. 7:06-1162-RBH-WMC |

This matter is before the court on the motion of the plaintiff ABN AMRO Mortgage Group, Inc. to consolidate the above-captioned cases. In *ABN AMRO v. SAJJ, LLC*, No. 7:05-1720 (the "SAJJ case"), the plaintiff mortgage lender alleges claims of professional negligence, breach of contract, unfair trade practices, and conspiracy against a group of attorneys, appraisers, mortgage brokers, and property sellers. One of the defendants in the SAJJ case is proceeding *pro se.*

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A) and Local Civil Rule 73.02)(B)(2)(e) D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

In *ABN AMRO v. Investors Title Insurance Company*, No. 7:06-1162 (the "Title Insurance case") the same plaintiff alleges that two title insurance companies have wrongfully denied coverage for losses stemming from acts attributable to attorneys named in the SAJJ case. The motion to consolidate in that case was referred to this court for disposition by the Honorable R. Bryan Harwell, United States District Judge.

The plaintiff has moved to consolidate the two cases in their entirety pursuant to Federal Rule of Civil Procedure 42(a). A couple of the defendants in the cases do not oppose full consolidation, while the remaining defendants do not oppose consolidation for purposes of discovery, but they do oppose consolidation for trial. Accordingly, the plaintiff's motion to consolidate is granted in part and denied in part. The cases are to be consolidated for purposes of discovery and filing of dispositive motions, but the plaintiff's request to consolidate for trial is denied at this time. The plaintiff may re-file its motion to consolidate for trial after discovery has ended.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

August 3, 2006

Greenville, South Carolina